IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00326-BNB

ROBERT SCHWARTZ,

    Applicant,

v.

WARDEN PAMELA PLOUGHE,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2009

GREGORY C. LANGHAM
                 CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Robert Schwartz is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Schwartz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging four decisions of the Colorado state parole board denying him release on parole. In an order filed on February 20, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On March 12, 2009, Respondent filed a Preliminary Response. On March 24, 2009, Mr. Schwartz filed a reply to the Preliminary Response.

The Court must construe the habeas corpus application and other papers filed by Mr. Schwartz liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part as time-barred.

As noted above, Mr. Schwartz is challenging four decisions of the Colorado state parole board denying him release on parole. He alleges that the most recent denial of parole occurred on May 28, 2008. Although Mr. Schwartz' arguments in support of his claims appear to relate primarily to the May 28, 2008, parole board decision, the Court will assume that Mr. Schwartz is challenging all four parole board decisions on the same grounds. The Court received the instant action for filing on February 6, 2009.

Respondent first concedes that Mr. Schwartz' claims are not subject to dismissal for failure to exhaust state remedies. However, Respondent argues that this action is untimely to the extent Mr. Schwartz is challenging any parole board decisions denying him release on parole other than the parole board's decision of May 28, 2008. In his reply to the Preliminary Response, Mr. Schwartz does not address Respondent's argument that his claims are untimely to the extent he is challenging the decisions of the parole board other than the parole board's May 28, 2008, decision.

The one-year limitation period in 28 U.S.C. § 2244(d) applies to habeas corpus actions pursuant to § 2241 filed by state prisoners challenging the execution of their sentences. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

> to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the Court received this action for filing on February 6, 2009. Mr. Schwartz identifies only one decision of the parole board, the decision of May 28, 2008, that took place within one year before this action was filed. Therefore, the Court agrees with Respondent that Mr. Schwartz' claims are untimely with respect to the other three parole board decisions he is challenging in this action. As a result, the Court will dismiss the application to the extent Mr. Schwartz is challenging any decisions of the

parole board other than the parole board's decision of May 28, 2008. The Court finds that Mr. Schwartz' claims challenging the May 28, 2008, decision of the parole board are timely and are not subject to dismissal for failure to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that the application is denied to the extent Mr. Schwartz is challenging any decisions of the parole board other than the parole board's decision of May 28, 2008. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __16__ day of ___April___, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00326-BNB

Robert Schwartz
Prisoner No. 60801
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Chris W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/17/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk