IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00326-CMA-CBS

ROBERT SCHWARTZ,
    Petitioner,
v.

PAMELA PLOUGHE,
    Respondent.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Schwartz' "Motion for Extension of Time in Order to File Reply Brief" (filed May 13, 2009) (doc. # 14); and (2) Mr. Schwartz' request for "Discovery and Sanctions, in Part, Pursuant to Federal Rules of Civil Procedure, Rules 26 and 37" (filed May 13, 2009) (doc. # 15).  Pursuant to the Order of Reference dated April 23, 2009 (doc. # 12) and the memorandum dated May 14, 2009 (doc. # 16), these matters were referred to the Magistrate Judge.  The court has reviewed Mr. Schwartz' Motions, the entire case file, and the applicable law and is fully advised in the premises.

    Mr. Schwartz filed his Application for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in State Custody ("Petition") on February 17, 2009.  (*See* doc. # 3).  Respondent filed her "Response to Application for Writ of Habeas Corpus" ("Answer") on May 1, 2009 (doc. # 13). As a result of the District Judge Weinshienk's Oder on April 17, 2009, the only remaining claim before the court alleges that the results of Mr. Schwartz' parole "hearing" held on May 28, 2008, in which the Colorado State Board of Parole ("Parole Board") denied his request for discretionary parole prior to completion of his sentence, violated his rights to due process and equal protection. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge"

1

(doc. # 9)).

Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."). The Supreme Court of Colorado has interpreted Colorado's parole statute and determined that the Parole Board is given the "sole power to grant or refuse to grant parole." *See* Colo. Rev. Stat. § 17-2-201(5)(a); *Martinez v. Furlong*, 893 P.2d 130, 131 (Colo. 1995) (*en banc*). The Parole Board need only demonstrate a rational basis for its decision. *Lewis v. Beeler*, 949 F.2d 325, 331-32 (10th Cir. 1991). "[T]he decision of the parole board may not be overturned unless it was arbitrary, capricious or an abuse of discretion." *Schuemann v. Colorado State Board of Parole*, 624 F.2d 172, 173 (10th Cir. 1980). Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board. *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

Mr. Schwartz seeks extensive discovery in the form of "items, exhibits, and materials" from Respondent pursuant to Fed. R. Civ. P. 26 and sanctions pursuant to Fed. R. Civ. P. 37 for failure to provide discovery. "The rules of pretrial discovery, . . . are not applicable to habeas corpus proceedings, unless they are necessary to help the court dispose of the matter as law and justice require." *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (internal quotation marks and citation omitted). Much of what Mr. Schwartz requests is not adequately related to the claims remaining in the Petition. For example, Mr. Schwartz' request for "any and all documents, memos, reports, orders, studies and their results, statistics and all other materials used by the Sex Offender Treatment Program" does not adequately pertain to the single remaining claim challenging the denial of parole on May 28, 2008. Further, Respondent need not provide Mr. Schwartz with the

requested copies of his own submissions to the Parole Board. In light of the limitations on discovery in habeas actions, *see Crownhart v. Reid*, 2008 WL 4225853 (D. Colo. 2008) (denying discovery in § 2241 habeas action), and the limited legal issues presented by this action, the court determines that the requested discovery is not necessary or appropriate.[1]

Accordingly, IT IS ORDERED that

1. Mr. Schwartz' "Motion for Extension of Time in Order to File Reply Brief" (filed May 13, 2009) (doc. # 14) is GRANTED. Mr. Schwartz may file his reply to Respondent's "Response to Application for Writ of Habeas Corpus" (doc. # 13) **on or before June 26, 2009**.

2. Mr. Schwartz' request for "Discovery and Sanctions, in Part, Pursuant to Federal Rules of Civil Procedure, Rules 26 and 37" (filed May 13, 2009) (doc. # 15) is DENIED.

Dated at Denver, Colorado this 18th day of May, 2009.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge

---

[1] A copy of this unpublished decision is attached to this Order.