IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00326-CMA-CBS

ROBERT SCHWARTZ,
    Petitioner,
v.

WARDEN PAMELA PLOUGHE,
    Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Respondent's "Motion to Dismiss as Moot" (filed September 16, 2009) (doc. # 22), filed in response to an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed on February 6, 2009) (doc. # 3). On April 17, 2009, Judge Weinshienk issued an order limiting Mr. Schwartz' claims to challenging only the parole board decision of May 28, 2008. (doc. # 9, p. 4 of 5). Pursuant to the April 23, 2009 Order of Reference (doc. # 12) and September 18, 2009 memorandum (doc. # 23), this matter was referred to the Magistrate Judge. The court has reviewed the Motion to Dismiss, Mr. Schwartz' Response (doc. # 24), the Petition, Respondent's Answer (filed May 5, 2009) (doc. # 13), the Petitioner's Traverse (filed June 25, 2009) (doc. # 18), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I. Background

    Robert Schwartz is currently serving a thirty-year sentence in the Colorado

Territorial Correctional Facility in Cañon City, Colorado. (doc. # 3 p. 1 of 15). He pled guilty to three counts of aggravated incest and three counts of sexual assault on a child by a person in a position of trust. (*See* doc. # 3 p. 8 of 15; doc. # 13 p. 1 of 11).

In the past ten years, Mr. Schwartz has filed eleven different cases, mostly habeas claims under both § 2241 and § 2254(d). Each successive habeas petition has been denied. *See, e.g.,* 1:02-cv-01234-ZLW; 1:03-cv-01423-ZLW-CBS; 1:06-cv-01456-ZLW; 1:09-cv-01662-ZLW; 1:09-cv-01825-ZLW. In addition to the many habeas petitions he has filed, Mr. Schwartz has also challenged the decisions by the Colorado State Board of Parole ("Parole Board"), which is the subject of this action.

On May 28, 2008, Mr. Schwartz appeared before his Parole Board to request a recommendation for parole. (doc. # 13-2, p. 1 of 3). Mr. Schwartz claimed that he was not given the opportunity to argue that (1) his offense was not a crime of violence, and (2) he should not have to complete Phase II of the Sex Offenders Treatment Program. (doc. # 3, p. 2 of 15, p. 8 of 15). Nevertheless, Parole Board member Leslee Waggener determined that Mr. Schwartz's parole should be deferred until June 2009. (doc. # 13-2, p. 3 of 3). Ms. Waggener gave three reasons for her decision: (1) the transition through community corrections was still needed; (2) Mr. Schwartz had risk control problems and needed continued correctional treatment; and (3) the circumstances of the offense resulted in aggravating factors and inadequate time served. (*Id.*). Mr. Schwartz challenges this decision and requests "an immediate rehearing before the Colorado Parole Board" to reevaluate his claims for parole. (doc. # 3, p. 15 of 15).

On June 2, 2009, Mr. Schwartz once again appeared before his Parole Board to request a recommendation for parole. (*See* 09-cv-001906-BNB, doc. # 3). Mr.

Schwartz asserted similar claims as he did in this Petition; namely, that his offense was not a crime of violence, and he should not have to complete Phase II of the Sex Offenders Treatment Program. (*Id.* at p. 2 of 12). Parole Board member Deborah Allen determined that Mr. Schwartz's parole be deferred until June 2010. (09-cv-001906-BNB, doc. # 13-2, p. 3 of 9). Ms. Allen gave similar reasons for her decision as Ms. Waggener did back in May 2008: (1) Mr. Schwartz had risk control problems and needed continued correctional treatment; and (2) the circumstances of the offense resulted in aggravating factors and inadequate time served. (*Id.*)

In both cases, Mr. Schwartz argues that the Parole Board violated his due process rights by denying his requests for parole. Based on the relief sought in this Petition for "an immediate rehearing" to reevaluate the arguments he made for parole on May 28, 2008 (doc. # 3, p. 15 of 15), Respondent filed a motion to dismiss arguing that Mr. Schwartz's claim for relief was satisfied on June 2, 2009 when he went before the Parole Board advancing similar claims. (doc. # 22). Thus, the issue here is whether Mr. Schwartz's claim for a rehearing is moot after he had the opportunity to reargue his claims in front of the Parole Board on June 2, 2009.

II. Analysis

As a preliminary matter, Mr. Schwartz may challenge the denial of his parole without first seeking review of the Parole Board's decision in the Colorado state courts. *See Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998). Thus, Mr. Schwartz establishes a prima facie case that this court has subject matter jurisdiction.

Nevertheless, the primary issue remains whether Mr. Schwartz's claims are

moot. "[T]he question of mootness is a federal one[,] which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (*per curiam*) (citing *Henry v. Mississippi*, 379 U.S. 443, 447 (1965)). Under Article III of the U.S. Constitution, courts may only adjudicate live cases or controversies "at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). A case becomes moot when events occur that resolve or expire the controversy underlying it. *Id.* In the event that the underlying controversy is resolved or expires, a federal court may not provide a decision because it would constitute a "constitutionally impermissible advisory opinion." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715 (10th Cir. 2000).

Here, Mr. Schwartz requests relief that has already been granted. In his habeas petition filed on February 27, 2009, Mr. Schwartz requested that "the court grant [him] an immediate rehearing before the Colorado Parole Board . . . ." (doc. # 3 p. 15 of 15). Less than four months later—in June 2009—Mr. Schwartz appeared before the Parole Board to request parole on the same grounds that he asserted in his May 2008 parole hearing. (*See* 09-cv-001906-BNB, doc. # 3). Thus, he has already had his opportunity to appear before the Parole Board to reconsider his parole request. As Mr. Schwartz had the opportunity to appear before the Parole Board to reconsider his parole request, the relief he seeks in this case has already been granted.

Disputes arising out of a parole hearing can become moot when a subsequent parole hearing is conducted addressing the very same issues. *See, e.g., Coleman v. California Board of Prison Terms*, 228 Fed. Appx. 673, 675-76 (9th 2007) (dismissing

4

the Parole Board's appeal of the district court's granting of habeas relief because the action was made moot after a new parole hearing was given); *Genniro v. Salazar,* 2009 WL 89135, at *6 (C.D. Cal. Jan. 13, 2009) (holding that the petitioner's habeas claim was moot because the parole board had already denied parole at a new hearing); *Benchoff v. Colleran*, 2005 WL 4708211, at *1 n.1 (M.D. Pa. Feb. 2, 2005) (noting that a challenge to the denial of parole claiming an ex post facto violation would ordinarily require a new parole hearing, but, because the subsequent parole hearings were conducted, the petitioner's challenges were moot).[1]

Here, Mr. Schwartz raised the same substantive claims in June 2009 as he did in May 2008. Namely, he claimed that his offense was not a crime of violence, and he should not have to complete Phase II of the Sex Offenders Treatment Program. (*Compare* doc. # 3, p. 2 of 15, p. 8 of 15 *with* 09-cv-001906-BNB, doc. # 3, p. 2 of 12). On both occasions, the Parole Board disagreed with Mr. Schwartz' claims and determined that parole should be denied. (*See* doc. # 13, p. 3 of 3; 09-cv-001906-BNB, doc. #3). Because the subsequent hearing in June 2009 addressed the same claims as those made in May 2008, the petitioner's challenge to the Parole Board's May 2008 hearing is moot.[2]

Accordingly, IT IS RECOMMENDED that Respondent's "Motion to Dismiss as

---

[1] Copies of these unpublished decisions are attached to this Recommendation.

[2] Mr. Schwartz still has the opportunity for this court to address the merits of his claims in his challenge to the Parole Board's June 2009 decision. (*See* 09-cv-001906-BNB).

5

Moot" (filed September 16, 2009) (doc. # 22) be GRANTED and this civil action be dismissed.

III. Advisement to the Parties

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street,* 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);

*Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 25th day of March, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge