IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No.09-cv-00326-CMA-CBS

ROBERT SCHWARTZ,

    Petitioner,

v.

WARDEN PAMELA PLOUGHE,

    Respondent.

---

**ORDER ADOPTING AND AFFIRMING MARCH 25, 2010
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Respondent's Motion to Dismiss as Moot. (Doc. # 22.) Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Fed. R. Civ. P. 72(a) and (b), and D.C.Colo.LCivR 72.1.C., the Motion to Dismiss was referred to Magistrate Judge Craig B. Shaffer for a Recommendation by Order of Reference dated April 23, 2009. (Doc. # 12.) On March 25, 2010, Magistrate Judge Shaffer issued a Recommendation that Respondent's Motion to Dismiss as Moot be granted. (Doc. # 25.) Petitioner filed his Objections on April 7, 2010 (Doc. # 26) and also filed a supplement on May 14, 2010 (Doc. # 27). In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the Recommendation, and Petitioner's Objections. For the reasons stated below, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation, and this case is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

The facts are detailed within the Magistrate Judge's Recommendation, which the Court incorporates herein. The Court will only provide a brief overview of the facts and procedural history and will expand on them, if necessary, within the analysis.

Petitioner Robert Schwartz is currently serving a thirty-year sentence in the Colorado Territorial Correctional Facility in Cañon City, Colorado. (Doc. # 3 at 2, 8.) He pled guilty to three counts of sexual assault on a child and three counts of aggravated incest. (Doc. # 13 at 1.) Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the Parole Board's May 28, 2008 determination that his parole be deferred until June 2009. (Doc. # 3 at 2.) He raises three claims: (1) the board violated his right to due process by not allowing him to present evidence and not giving reasons for their decisions; (2) considering the circumstances of his offense as a violent crime was an abuse of discretion; and (3) the board applied an ex post facto law by requiring him to go through sex offender treatment to be released on parole. (*Id.* at 2-14.) He requests that the Court either order a rehearing or issue an order to show cause as to why he should not be released on parole. (*Id.* at 15.)

On June 2, 2009, Petitioner had another parole hearing, and the board again denied him parole. (*See* 09-cv-01906-CMA-CBS, Doc. # 3.) Petitioner challenged this determination by filing another habeas petition. (*Id.*) His claims in the subsequent action are similar to the claims in the first action. For example, Petitioner claims that the board violated his due process rights by not allowing him to present evidence, and he

2

claims the board did not give sufficient reasons to deny him parole. (09-cv-01906-CMA-CBS, Doc. # 3 at 2-5.)

On September 16, 2009, Respondent moved to dismiss Petitioner's challenge to the May 28, 2008 hearing on grounds of mootness because Petitioner received one of the forms of requested relief, namely, a new hearing. (Doc. # 22.) Petitioner filed his response on September 28, arguing that the issues in the instant habeas petition are still live and differ from the issues in the second habeas petition. (Doc. # 24.)

On March 25, 2010, the Magistrate Judge issued his Recommendation. (Doc. # 25.) Petitioner objected (Doc. #26) and later filed a supplement (Doc. # 27).

## II. STANDARD OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). The objection must be filed within fourteen days of the Magistrate Judge's recommendations, Fed. R. Civ. P. 72(a), and must be specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." One Parcel of Real Property, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

**B.    *PRO SE* PLAINTIFF**

Because Petitioner is proceeding *pro se*, the Court recognizes that he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," regardless of the plaintiff's confusion of legal theories or unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the Court cannot act as advocate for a pro se litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Id.* at 1110.

### III.  ANALYSIS

Magistrate Judge Shaffer recommended that this action be dismissed as moot because the relief requested by Petitioner has already been granted by the Parole Board, and Petitioner raised the same issues in his subsequent parole hearing. (Doc. # 25 at 4-5.) Although Petitioner's objections are not models of clarity, the Court has liberally construed his arguments. Plaintiff asserts that the claims in the two actions are not the same, and exhorts the Court to carefully review both sets of claims. (Doc. # 26, ¶ 7.) The Court has carefully reviewed Plaintiff's claims and notes that many of his arguments are the same arguments he asserted in his pleadings and response. (*Compare, e.g.*, *id.*, ¶¶ 8-9, *with* Doc. # 3 at 2.) Although the Court does not believe that Petitioner's objections are specific enough to trigger *de novo* review, the Court has nevertheless conducted a *de novo* review. *See Manigualte v. C.W. Post of Long Island*

4

*University*, 659 F. Supp. 2d 367, 371 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations, quotations marks, and brackets omitted).

Article III of the U.S. Constitution allows courts to adjudicate only "live case[s] or controvers[ies]." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). A case is moot if "events occur" that "resolve the controversy underlying" the case. *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715 (10th Cir. 2000). "When a favorable decision will not afford plaintiff relief," the case is moot. *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999).

The instant case concerns Petitioner's denial of parole on May 28, 2008, and Petitioner's request for either a new hearing or the issuance of an order to show cause as to why he should not be granted parole. Magistrate Judge Shaffer found that the Petitioner already received one of the terms of his requested relief, namely, a new hearing before the Parole Board in June 2009. (Doc. # 25 at 4.) This Court agrees. Thus, there is not a "live case or controversy." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). The May 28, 2008 Parole Board decision is no longer at issue. To the extent that Plaintiff objects to his parole denial, those issues are pending in Case No. 09-cv-1906, not in the instant case.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1. Petitioner's Objections to United States Magistrate Judge Craig B. Shaffer's Recommendation (Doc. #26) are OVERRULED;

2. United States Magistrate Judge Craig B. Shaffer's Recommendation (Doc. # 25) is AFFIRMED AND ADOPTED;

3. Respondent's Motion to Dismiss as Moot (Doc. # 22) is GRANTED; and

4. Petitioner's action is DISMISSED WITH PREJUDICE as moot.

DATED: June __4__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge